UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIFFANY LAURA,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>    Defendant. | Case No. 1:20-cv-1573<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**1. FCRA, 15 USC §1681 et seq** |

## COMPLAINT

Plaintiff Tiffany Laura ("Plaintiff"), through her attorneys, alleges the following against Defendant Experian Information Solutions, Inc. ("Experian").

## INTRODUCTION

This is a one-count complaint based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681e(b), which requires credit reporting agencies to assure maximum possible accuracy of the information they report.

## JURISDICTION AND VENUE

1. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district

3. Defendant transact business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiff Tiffany Laura is a natural person residing in the city of Chicago in Cook County, Illinois.

5. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant Experian is a credit reporting agency, as defined in 15 U.S.C. § 1681a(f)). On information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. On information and belief, Experian disburses *consumer reports* to third parties under contract for monetary compensation.

8. At all relevant times, Defendant acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. On or about June 26, 2019, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11, the Bankruptcy Code, in the Northern District of Illinois, case number 19-18162.

10. Plaintiff was discharged of her debts on or about October 8, 2019.

11. On or about February 21, 2020, Plaintiff obtained her Experian, Equifax, and Trans Union consumer credit reports to make sure her bankruptcy reporting was accurate.

12. Plaintiff discovered that Experian was reporting her Midwest Receivable ("Midwest") account opened in September 2019, as having a collection balance of $370 as of February 10, 2020.

13. Experian should have reported the account as discharged in bankruptcy or similar language with zero balance.

14. Experian was also reporting on the February 21, 2020 credit report that Plaintiff's Chapter 7 bankruptcy was discharged in October 2019.

15. On Plaintiff's February 21, 2020 credit report, Trans Union and Equifax both properly reported the Midwest account as included in the bankruptcy.

16. Defendant knew or had reason to know that their reporting of the account was inaccurate because it was reporting Plaintiff's bankruptcy as discharged and all Plaintiff's other bankruptcy debts as discharged.

17. Defendant does not maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly discharged in bankruptcy.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

19. Defendant's reporting is particularly aggravating of Plaintiff's damages because Plaintiff diligently followed her bankruptcy requirements, looking forward to the day

20. when all her debts would be paid and she could have a fresh start, only to discover that Defendant failed to perform their legal obligation to report the account accurately.

20. This caused Plaintiff stress and anxiety about her credit reputation and a belief that she may still owe the debt.

21. Plaintiff has been denied credit several times and obtained credit at less favorable rates due to the reporting by Defendant.

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681e(b)

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

24. Defendant reported the accounts, that were included in Plaintiff's bankruptcy and in fact paid off, as though Plaintiff still owed the debts after the discharge.

25. Defendant violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

26. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained

damages including the loss of credit opportunities, denials, and favorable credit terms, emotional distress, humiliation, and mental anguish.

27. The violations by the CRAs were willful, rendering the Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the CRAs were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

28. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tiffany Laura respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 3rd of March 2020

By: *s/Syed Hussain*
Syed H. Hussain, Esq.
Bar Number: Illinois 6331378
Attorney for Plaintiff Tiffany Laura
**Price Law Group, APC**
440 N. McClurg Ct. #803
Chicago, IL 60611
Telephone: (954) 225-4934
Email: syed@pricelawgroup.com