UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIFFANY LAURA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-cv-01573 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tiffany Laura ("Laura") filed this action against Experian Information Solutions, Inc. ("Experian") for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(e)(b). After the Court ruled on Experian's motion for summary judgment, Experian moved to dismiss the complaint for lack of standing [110]. For the following reasons, the Court grants the motion.

**Background**

The Court restates only those facts relevant to this motion. A more fulsome account of the underlying facts in this action can be found in the Court's order on the parties' cross motions for summary judgment. (Dkt. 104.)

On June 26, 2019, Laura filed for Chapter 7 bankruptcy. At the time of filing, Laura was delinquent on a debt owed to a Chicago utility company (the "debt") but did not list the debt on her bankruptcy petition. On September 26, 2019, Midwest Receivable Solutions ("Midwest"), a collection agency, opened a collection account for the debt. About two weeks later, Laura received a discharge order for her Chapter 7 no asset bankruptcy. Four months after the discharge order, Midwest reported the debt to Experian, a credit reporting agency, but did not indicate whether it had been discharged through bankruptcy. At no point did Laura amend her bankruptcy schedules to add the Midwest account.

Experian then listed the debt in her credit file without noting that it had been discharged through bankruptcy. When Laura subsequently applied for an auto loan, creditors made hard inquiries into her credit file, which showed the delinquent account. In March 2020, Laura received a letter stating that her auto loan application had been denied in part because her credit file contained too many delinquent past or present credit obligations.

In March 2020, Laura filed this suit against Experian for violating the FCRA by listing inaccurate information on her credit file, which was distributed to third parties. The Court ruled on the parties' cross motions for summary judgment, granting in part and denying in part Experian's motion and denying Laura's motion. During summary judgment, Experian stated that the debt may not have been discharged, but it did not affirmatively raise this issue. Instead, the parties contested whether Experian made reasonable efforts to prevent inaccurate reporting on Laura's credit file without first arguing whether Experian's representations were in fact inaccurate.

**Legal Standard**

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021); *Int'l Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). "Standing consists of three elements: injury in fact, causation, and redressability." *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1190 (7th Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205, 210 L. Ed. 2d 568 (2021). The plaintiff's "burden to demonstrate standing changes as the procedural posture of the litigation changes." *Gracia v. SigmaTron Int'l, Inc.*, 986 F.3d 1058, 1063 (7th Cir. 2021). For claims that progress to summary judgment, the standard is "whether the

plaintiffs have supplied evidence of 'specific facts' that, taken as true, show each element of standing." *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 286 (7th Cir. 2020) (quoting *Lujan*, 504 U.S. at 561).

**Discussion**

Experian contends that the Court must dismiss this suit for lack of jurisdiction because Laura does not have standing to pursue her claims. To have standing, Laura must have suffered an injury that Experian caused and the Court can remedy. *See Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019). Experian argues that Laura lacks standing because it did not include inaccurate information in Laura's credit file as the Midwest debt was never discharged in bankruptcy. Therefore, Laura did not suffer an injury caused by Experian's unlawful conduct.

First, Laura objects to Experian's motion on the grounds that it is an improper motion for reconsideration and that Experian waived its argument by not addressing it at an earlier stage in the proceedings. Although Experian now raises this issue post-summary judgment, standing "is jurisdictional and cannot be waived." *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 667 (7th Cir. 2021) (quoting *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020)).

Therefore, the Court next considers whether Laura's debt was discharged through bankruptcy. Although most pre-petition debts are discharged in a Chapter 7 bankruptcy, 11 U.S.C. § 523 provides exceptions to the rule. For example, under subsection 523(a)(3), debts not timely listed in the debtor's bankruptcy schedules are not discharged unless the creditor had actual knowledge of the bankruptcy case in time to file a proof of claim. However, in no asset bankruptcies, courts have created an equitable rule in which a debtor who innocently omits a creditor from her schedules may reopen her bankruptcy to add the creditor, thereby discharging the debt. *See Matter of Stark*, 717 F.2d 322, 323 (7th Cir. 1983).

Laura contends that this equitable rule goes even further, relying on a 1989 bankruptcy case for the proposition that unscheduled debts are automatically discharged in no asset bankruptcies without the need to reopen the case. *In re Mendiola*, 99 B.R. 864, 866–87 (Bankr. N.D. Ill. 1989). The *Mendiola* court reasoned that because a proof of claim lets a creditor assert a right to receive a distribution of the estate's assets, "[i]n a case without assets to distribute [i.e., a no asset bankruptcy,] the right to file a proof of claim is meaningless and worthless." 99 B.R. at 866–87. Therefore, the court held that the debtor's unscheduled debts were "already discharged, even though they were not listed or scheduled, unless [they fell] within one of the other exceptions to discharge (such as, for example, the exceptions for taxes or child support)." *Id.*

Precedential cases decided after *Mendiola* point the Court in a different direction.[1] *See In re Jakubiak*, 591 B.R. 364, 387–89 (Bankr. E.D. Wis. 2018) (analyzing the relevant Seventh Circuit precedent and critiquing *Mendiola*). For example, the Seventh Circuit reaffirmed in 1996 that a debtor must reopen his no asset bankruptcy and amend his bankruptcy schedules to discharge a previously unscheduled debt. *Gagan v. Am. Cablevision, Inc.*, 77 F.3d 951, 968 (7th Cir. 1996) ("Contrary to [debtor's] assertion, it was his responsibility, not the bankruptcy or district courts', to give [creditor] notice of his bankruptcy and to properly list [creditor] on his schedule of creditors.").

Laura attempts to distinguish *Gagan* by arguing that the case was not brought under the FCRA, that Experian had notice of the bankruptcy discharge, and that Midwest never denied the Midwest account's discharge. First, the cause of action in *Gagan* does not affect the validity of the Seventh Circuit's restatement of the equitable rule for unscheduled debts in no asset bankruptcies.

---

[1] The parties also direct the Court to *Persinger v. Southwest Credit Systems, L.P.*, but the case's dicta does not stand for the far-reaching propositions suggested by the parties. Although the Seventh Circuit stated in a footnote that "[g]enerally, a debt not listed by the petitioner on the bankruptcy schedule is not discharged," it ultimately (albeit curiously) concluded that "[f]unctionally," the debt in that case was discharged because it could have been added to the bankruptcy schedule. 20 F.4th at 1198 n.7. These cursory statements far from denounce or adopt the *Mendiola* court's reasoning.

Laura's second two arguments are closer to the point, but still miss. The issue of notice is important for the applicability of subsection 523(a)(3) on its face—if the creditor receives notice or has actual knowledge of the bankruptcy, the discharge exception does not apply. 11 U.S.C. § 523(a)(3); *see also Gagan*, 77 F.3d at 968. But whether Experian—the credit reporting agency, not the creditor—had notice of the bankruptcy is irrelevant under the statute. Similarly, Laura's assertion that Midwest has not since "denied" that the debt was discharged is not the same as showing Midwest had notice of the discharge before Experian listed the debt on Laura's credit file.

Following the precedent with which it is presented, the Court concludes that the debt had not been discharged at the time Experian reported it because Laura never amended her bankruptcy schedules to include Midwest as a creditor. As a result, Experian could not have listed inaccurate information on her credit file and did not cause Laura to suffer an injury under the FCRA. Therefore, Laura does not have standing to bring this suit and the Court dismisses this action for lack of jurisdiction.

**Conclusion**

For the foregoing reasons, the Court grants Experian's motion and dismisses Laura's complaint for lack of jurisdiction without prejudice.

IT IS SO ORDERED.

Date: 3/27/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge